IN THE UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **2M ASSET MANAGEMENT, LLC,** § | | |
| § | | |
| *Plaintiff*, § | Civil Action No. 2:06-CV-215 | |
| § | | |
| v. § | | |
| § | **JUDGE RON CLARK/** | |
| **NETMASS, INC., CONNECTED** § | **JUDGE EARL HINES** | |
| **CORPORATION, PRO SOFTNET** § | | |
| **CORPORATION, SUBTERRANEAN** § | | |
| **DATA STORAGE CO., LLC, STORAGE** § | | |
| **ELEMENTS INC., U.S. DATA TRUST** § | | |
| **CORPORATION, INTEGRATED** § | | |
| **DYNAMIC SOLUTIONS, INC., LEVEL2** § | | |
| **STORAGE, LLC, HOTSPOT** § | | |
| **ENTERPRISES, INC., PROFESSIONAL** § | | |
| **OFFSITE DATA BACKUP, INC.,** § | | |
| § | | |
| *Defendants.* § | | |

## MEMORANDUM AND ORDER

Defendant Netmass, Inc.'s ("Netmass") "Motion to Compel" seeks to compel Plaintiff 2M Asset Management, LLC ("2M") to bring all of the documents listed in its November 6, 2006, privilege log to the deposition of 2M's corporate representative scheduled for Tuesday, December 19, 2006.[1] The motion is referred to the undersigned for determination. A telephonic hearing was conducted on Monday, December 18, 2006.

---

[1] Regarding this discovery dispute, Defendant Netmass submitted a letter which was docketed as a motion. For ease of reference, the court refers to this docketed letter as a Motion to Compel.

## I. THE MOTION AND RESPONSES

Netmass asks the court "*to assume, for purposes of this motion, that some of the documents on that privilege document log are relevant to questions that will be asked of Plaintiff's witness at the deposition and that being shown those documents will assist the Plaintiff's witness in recalling events. . . .*" Netmass argues, therefore, that presence of the privilege log documents "*will enhance both the thoroughness of the examination and the quality and completeness of the witness's answers*" because "*those documents could be made available to help its [2M's] witness refresh his recollection*" of events going back to 1996. Netmass does not propose to examine or see the documents, but only requests that they be shown to the witness to assist him in recalling events.

2M lodges various procedural objections regarding the timing and manner of Netmass's motion. 2M also argues substantively that using privileged documents to refresh a witness's recollection waives the privilege, not only in this case, but also in other cases that 2M might file against other parties in the future.

To this argument, Netmass replies that compelled compliance with a court order cannot, as a matter of law, constitute a waiver of privilege. Further, citing *Laxalt v. McClatchy*, 116 F.R.D. 438, 454-55 (D. Nev. 1986), Netmass argues that the court can put in place various protections that will guarantee against waiver and disclosure of privileged information. Finally, Netmass contends that having the documents on hand will save on litigation costs and serve the

interests of justice by helping to insure that the witness will not need to be deposed again on subjects he was unprepared to answer in his original deposition.

## II. DISCUSSION

Plaintiff's privilege log consists of 162 documents. Each document is designated as exempt from discovery by reason of the attorney-client privilege. No challenge to the privileged nature of the documents is pending. Thus, for purposes of the motion, the court assumes that each document is protected by the claimed privilege.

After considering the opposing arguments, and engaging in independent research, the court has decided to deny the motion for several reasons. First, whether the privileged documents are relevant to questions that will be asked of Plaintiff's witness at the deposition, and whether being shown those documents will assist the Plaintiff's witness in recalling events is pure supposition. The court specifically inquired of defendant's counsel as to why counsel considered the documents essential, and counsel provided only a generalized response to the effect that Rule 30(b)(6) witnesses often are unprepared to testify fully, and that there is a danger of such happening here because relevant events go back to 1996. Even if that danger exists, however, and even were the court willing to engage in the bootstrapping assumptions imposed by Netmass, the court would have no basis for assuming that the witness's recollection can be refreshed by reviewing only privileged documents. Other, non-privileged documents, are just as likely to serve the same salutary purpose.

Second, the court finds no precedent for defendant's request. Sparse authority supports the procedure advocated by Netmass when documents constitute *work product*. *See J.H. Rutter Rex Manufacturing Co., Inc. v. N.L.R.B.*, 473 F.2d 223, 239 (5th Cir. 1973); *Laxalt*, 116 F.R.D. at 454; *Electronic Data Systems Corporation v. Steingraber*, 2003 WL 21653405, * 3 (E.D. Tex.); 28 Charles A. Wright & Victor J. Gold, Federal Practice and Procedure: Evidence § 6188 (1993). Those authorities are not binding because work product can be compelled under showings of substantial need and undue hardship. Fed. R. Civ. P. 26(b)(3). Absent waiver, attorney-client privileged documents cannot be compelled. *See Nguyen v. Excel Corporation*, 197 F.3d 200, 206-07 (5th Cir. 1999).

Third, the procedure proposed by Netmass has at least as much potential for deliberate or unintended mischief as it does for discovering relevant and unprivileged information. Netmass raised the issue at the last minute, leaving the court with insufficient opportunity to ponder whether the protections advocated by Netmass would suffice in this or other similar litigation. Absent carefully considered and precisely crafted and specific controls, the Netmass procedure would be a slippery slope, inevitably complicating the deposition due to zealous and precautionary instructions to the witness not to answer, and possibly leading to improper discovery of privileged information through artful questioning or in circumstances unforeseen by the court, notwithstanding structural protections. Moreover, several courts have held that even privileged documents become subject to discovery when they are used to refresh a witness's recollection at a deposition pursuant to Fed. R. Evid. 612 . *See United States v. 22.90 Acres of Land*, 107 F.R.D. 20, 25 (N.D. Cal. 1985); *Wheeling-Pittsburgh Steel Corp. v. Underwriters Laboratories, Inc.* 81 F.R.D.

8, 10 (N.D. Ill. 1978). This only adds to the likelihood that any use of the privileged documents will result in the documents becoming discoverable.

Finally, the court disapproves of Netmass's request on a broader ground of sound judicial administration. What's good for the goose is good for the gander. If the court were to compel 2M to produce its attorney-client privileged documents to refresh its witness recollection under the casual circumstances of this case, similar requests would be made in every case, leading to satellite litigation in matters that are intended to be conducted extrajudicially.

### III. Order

Defendant Netmass, Inc.'s Motion to Compel [Doc. #74] is **DENIED**.

SIGNED this   18   day of December, 2006.

*Earl S. Hines*
Earl S. Hines
United States Magistrate Judge